[Cite as *Hickman v. Naderer*, 2016-Ohio-148.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

James Hickman, et al.                                  Court of Appeals No. E-15-035

    Appellants                                          Trial Court No. CVG 1401852

v.

Daniel Naderer, et al.                                  **DECISION AND JUDGMENT**

    Appellees                                          Decided: January 15, 2016

* * * * *

John M. Felter, for appellants.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellants, James and Amanda Hickman, appeal the judgment of the

Sandusky Municipal Court, granting a Civ.R. 60(B) motion for relief from judgment filed

on behalf of appellees, Daniel and Dawn Naderer. Because we find that appellees did not

demonstrate the existence of a meritorious defense as required under Civ.R. 60(B), we

reverse.

## A. Facts and Procedural Background

{¶ 2} On October 8, 2014, appellants filed their complaint with the trial court,

seeking forfeiture of appellees' rights in a land installment contract under R.C. 5313.08

and restitution of the subject real property.

{¶ 3} In the complaint, appellants allege that the parties entered into the land

installment contract on July 30, 2010. According to appellants, appellees subsequently

violated the terms of the contract and were in arrears on their payments. Consequently,

appellants demanded, in writing, that appellees vacate the premises and forfeit their rights

under the contract. Despite such demands, appellees allegedly continued to retain

possession of the subject property without paying rent as required under the terms of the

land installment contract.

{¶ 4} On September 29, 2014, appellants served appellees with a notice of

forfeiture pursuant to R.C. 5316.06.[1] According to the complaint, the notice was attached

to the front door of the subject property after the expiration of the 30-day period under

R.C. 5313.05.

{¶ 5} Thereafter, the trial court set the matter for a hearing on appellants' forcible

entry and detainer action, notice of which was served upon appellees on October 10,

---

[1] A copy of the land installment contract and the notice of forfeiture were attached to appellants' complaint.

2.

2014. The hearing was held before a magistrate on October 29, 2014. Appellees did not attend the hearing. As a result, the magistrate concluded that appellees were "properly served with a notice of forfeiture pursuant to O.R.C. 5313.06, that the requirements of O.R.C. 5313.08 [were] met, and that [appellees were] unlawfully and forcibly detaining [appellants'] property by reason of failure to make payments due under the terms of the land installment contract." The magistrate's decision was subsequently adopted by the court in a separate entry that was journalized on the same day as the hearing.

{¶ 6} As a result of its findings following the October 29, 2014 hearing, the trial court set the matter for a hearing on damages, which was scheduled for January 7, 2015. Appellees did not appear at the damages hearing. Consequently, appellants filed a motion for default judgment, to which they attached a list of their losses that were allegedly incurred as a result of appellees' breach of the land installment contract and misuse of the subject property. On January 13, 2015, the trial court granted appellants' motion for default judgment.

{¶ 7} On March 6, 2015, appellees' counsel filed an entry of appearance and a motion for relief from judgment under Civ.R. 60(B). In their motion for relief from judgment, appellees argued that they did not receive notice of the pendency of this action as they moved out of the subject property on July 15, 2014, two months prior to the date that the complaint was attached to the front door of the property. In support of their assertion, appellees attached a copy of an electric bill showing service at a new address for the period beginning July 30, 2014.

3.

**{¶ 8}** Four days later, appellants filed a brief in opposition to appellees' motion for relief from judgment. In their opposition, appellants asserted that the motion must be denied because appellees failed to allege a meritorious defense or specify the relevant subsections in Civ.R. 60(B) under which relief would be proper. Further, appellants argued that appellees' service of process arguments were without merit because service of process was made by posting a copy of the summons on the front door of the subject property pursuant to R.C. 1923.06(D)(2)(c). Additionally, appellants urged that service was proper in light of appellees' failure to provide appellants with a forwarding address at which they could be personally served.

**{¶ 9}** Upon consideration of the foregoing arguments, the trial court, on May 27, 2015, issued its decision granting appellees' motion for relief from judgment.[2] Appellants filed a timely notice of appeal and the case was placed on the court's accelerated calendar.

## B. Assignment of Error

**{¶ 10}** On appeal, appellants assert the following assignment of error:

I. The trial court abused its discretion and erred by granting Defendants/Appellees' motion for relief from judgment.

---

[2] Notably, the trial court provided no reasoning to support its decision to grant appellees' motion.

## II.  Analysis

{¶ 11} In their sole assignment of error, appellants argue that the trial court erred in granting appellees' motion for relief from judgment under Civ.R. 60(B).

{¶ 12} We review trial court judgments granting or denying relief from judgments under Civ.R. 60(B) on an abuse of discretion standard.  *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).  An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one

5.

year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 14} The Supreme Court of Ohio has stated that, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 15} If any one of the three *GTE* requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 16} Here, there is no dispute that appellees' motion for relief from judgment was filed in a timely fashion. However, appellants assert that the trial court abused its discretion in granting appellees' motion where appellees failed to meet their burden of establishing that they have a meritorious defense or claim to present if relief is granted and that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).

6.

**{¶ 17}** To show the existence of a meritorious defense under Civ.R. 60(B), the movant need not establish ultimate success on the merits. *K. Ronald Bailey & Assoc., L.P.A. v. Martin*, 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15. However, the movant must provide the trial court with operative facts that would constitute a meritorious defense if found to be true. *Id.* The operative facts must be alleged with enough specificity to allow the trial court to decide whether the movant has met that test. *Id.*

**{¶ 18}** In their motion for relief from judgment, appellees merely argued that they should be relieved from judgment due to defective service that did not apprise them of the pendency of the action against them. Notably, appellees failed to assert a meritorious defense or claim of any kind. Further, appellees failed to present any evidentiary material in support of the motion from which the requisite operative facts supporting relief from judgment could have been ascertained.

**{¶ 19}** Because appellees did not meet their burden to show the existence of a meritorious defense under Civ.R. 60(B), we find that the trial court abused its discretion in granting their motion for relief from judgment. Accordingly, appellants' sole assignment of error is well-taken.

### III. Conclusion

**{¶ 20}** Based on the foregoing, the judgment of the Sandusky Municipal Court is reversed. The trial court's order granting appellees' motion for relief from judgment is

hereby vacated and this matter is remanded to the trial court for further proceedings consistent with this decision. Costs are assessed to appellees in accordance with App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Stephen A. Yarbrough, J. _____

_____

James D. Jensen, P.J. _____
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.